MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:     (310) 271-9805
E-mail:        michael.berger@bankruptcypower.com

Counsel for Debtor and Debtor-in-Possession,
L' Inc D'Aline Corporation

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>L'INC D'ALINE CORPORATION,<br><br>      Debtor and Debtor-in-Possession. | CASE NO.: 8:21-bk-11906-SC<br><br>Chapter 11<br><br>**DEBTOR L'INC D'ALINE CORPORATION'S OPPOSITION TO SECURED CREDITORS ENNERDALE CORPORATION DEFINED BENEFIT PLAN & TRUST, FOR THE BENEFIT OF ALAN REAY, AND ENNERDALE CORPORATION 401K'S, FOR THE BENEFIT OF ALAN REAY, MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL JAY BERGER AND SAMUEL BOYAMIAN IN SUPPORT THEREOF**<br><br>[*Filed and served concurrently with Debtor's Evidentiary Objections to the Declaration of Alan Reay*]<br><br><u>Hearing Scheduled For:</u><br>Date:   January 12, 2022<br>Time:   1:30 p.m.<br>Place:  Courtroom 5C[1]<br>        411 West Fourth Street<br>        Santa Ana, CA 92701-4593 |

---

[1] Hearing to be conducted remotely using ZoomGov and Audio.  Please visit Judge Clarkson's Telephonic Instructions by going to https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson for more information on how to obtain the ZoomGov and Audio log-in information.

1

## MEMORDANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Secured Creditors Ennerdale Corporation Defined Benefit Plan & Trust's, for the benefit of Alan Reay, and Ennerdale Corporation 401K's, for the benefit of Alan Reay (collectively, hereinafter, known as "Ennerdale" or "Movants") Motion for Relief from the Automatic Stay ("Motion") as to Debtor, L'Inc D'Aline Corporation's ("Debtor") real property located at 7470 W. Cerritos Avenue, Stanton, California 90680 (the "Property") should be denied because the Property is necessary for an effective reorganization as the Property is the Debtor's only asset of the estate and this case was filed in order to save the Property, and satisfy the obligations of the estate.

As Movants acknowledge in their Motion, the Property is valued at $3,260,000.00, which provides Movants with an equity cushion of approximately $764,217.86 or 23.44% which is sufficient to provide adequate protection. Adequate protection is further provided by Debtor's adequate protection payments to Movants.  Debtor has been making monthly payments of $15,312.00 to Ennerdale for the months of August, September, October, and November 2021 for a total sum of $61,248.00.  Relief from the Automatic Stay should also be denied because granting the relief request is not in the best interest of the creditors, both secured and unsecured.  It only serves to benefit Ennerdale. If Movants foreclose on the Property, all junior lienholders will be eliminated.

Alternatively, the Court should continue the hearing on Ennerdale's Motion as the relationship between Debtor's counsel and Debtor's principal Zaal John Haddadin has irreparably been broken as counsel has been unable to reach Mr. Haddadin since the December 1, 2021 hearing on counsel's Motion to Withdraw as Counsel for the Debtor, which was continued to January 19, 2022.  Counsel has tried to seek Mr. Haddadin's input with respect to opposing this Motion as well as other matters pertaining to this case all to no avail.

## II.    ARGUMENT

### A.  ENNERDALE IS NOT ENTITLED TO RELIEF UNDER 11 U.S.C. § 362(d)(2)

Movants seek relief from stay solely under 11 U.S.C. § 362(d)(2).  That section provides the automatic stay can be lifted on the grounds that:

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

*Id.*

*1.  Ennerdale Has Failed to Meet Its Burden of Proof Under 11 U.S.C. § 362(d)(2)(A)*

With respect to the first element, Ennerdale relies on Debtor's scheduled valuation of $2,300,000.00, and contends that the total secured debt on the Property is $4,450,430.30, which, consequently, shows that the Debtor has no equity in the Property. *See* Motion, p. 23:24-24:1.  However, Ennerdale has failed to meet its burden of proof under 11 U.S.C. § 362(d)(2)(A) because throughout its Motion, Ennerdale provides inconsistent and unreliable figures in support of its claims.   For example, on page 8 of its Motion, Ennerdale claims that the total debt for the Property is "$4,417,095.75" when in other parts of its Motion it claims that the total debt is "$4,450,430.30".  Even with respect to its own claim Ennerdale provides inconsistent figures.  In one area of the Motion Ennerdale argues that its "secured claim is approximately $2,499,782.19 as of December 12, 2021." *See* Motion, p. 23:24-25.  However, in the same Motion Ennerdale contends that its secured claim is "$2,495,782.14." *See* Motion, p. 8.

Furthermore, despite the Debtor having paid monthly adequate protection payments of $15,312.00 to Movants for the months of August, September, October, and November 2021[2], for a total sum of $61,248.00, the Motion asserts that Ennerdale's

---

[2] The only payment that is missing is the December 2021 payment and counsel is working on getting the Debtor to make this payment.

secured claims have increased by $73,527.57 since the last time it filed its first relief from stay motion on September 8, 2021.

When Ennerdale filed its first motion for relief from stay, it claimed it was owed $1,193,292.88 on the first loan, and $1,228,961.69 on the second loan. *See* Docket No. 44, p 8. The Motion now states that with respect to the first loan, Ennerdale is owed $1,215,409.29 (an increase of $22,116.41), and $1,280,372.85 on the second loan (an increase of $51,411.16). *See* Motion, p. 8. These new figures show an increase of $73,527.57, which is suspect as Debtor's adequate protection payments should reduce not increase Ennerdale's claim since the adequate protection payments are the actual mortgage payment amounts for each loan.

As to the valuation of the Property, Ennerdale's reliance on the Debtor's scheduled valuation of $2.3 million is unpersuasive. As explained in Debtor's opposition to Ennerdale's first relief from stay motion, Mr. Haddadin, a lay man and no real estate expert, testified that the $2.3 million valuation was based on stale information as he relied on a 2018 appraisal report. *See* Docket No. 50, p. 11. Therefore, the $2.3 million valuation is admittedly unreliable.

On September 15, 2021, an appraisal was conducted on the Property which valued the Property (just the real estate portion only) at $3,260,000.00. *See* Exhibit 18 to Motion. Based on the below calculations, Movants' interest in the Property is protected by a significant equity cushion of at least 23.00%!

| Debtor's Property: | Fair Market Value: $3,260,000.00, per Appraisal Report, dated of September 15, 2021. |
|---|---|
| 7470 West Cerritos Ave. Stanton, California 90680 | 1st DOT: Movant.  $1,215,409.29 |
| | 2nd DOT: Movant.  $1,280,372.85 |
| | Orange County Treasurer and Tax Collector.        $31,110.00 |
| | DSXW Holding & Tesoro Refining & Marketing Company, LLC:      $1,890,203.61 |
| | TOTAL LIENS: $4,417,095.75 |

| | **EQUITY CUSHION UNDER 11 U.S.C. § 362(d)(1): $764,217.86 (23.44% of Fair Market Value of the Property)** |
|---|---|

Given the large equity cushion, the Debtor would suffer a substantial loss in the event of foreclosure, and no economic harm to Ennerdale would result.  As such, relief from stay should not follow.  Furthermore, there is no evidence of any real or apparent threat of diminution in value to the Property.  On the contrary, it is quite possible that the value of the Property has increased since the appraisal was conducted.  Ennerdale's interest in the Property is sufficiently protected by the significant equity cushion in the Property coupled with Debtor's on-going adequate protection payments.

*2.  The Property Is Necessary For Debtor's Reorganization*

As to the second element, without a doubt the Property is necessary for an effective reorganization. The fact that this case is deemed a single asset real estate case demonstrates that the Property is an integral component to Debtor's reorganizational efforts.  Debtor receives rental income from this Property in the amount of $21,500,00. This figure is projected to increase with the new tenant in place at the Property. Furthermore, this rental income is being used to fund Debtor's proposed Plan of Reorganization.  Moreover, on November 1, 2021, Debtor filed its Plan of Reorganization within the 90-day period.  *See* Docket No. 95.  While Ennerdale contends that the Plan is "unconfirmable", the Debtor should be afforded an opportunity to amend its Plan to correct the issues with any new counsel it hires.  Even with an Amended Plan, reorganization is still possible within a reasonable period of time.

Based on the forgoing, Debtor respectfully requests that the Court find that Ennerdale is not entitled to relief under 11 U.S.C. § 362(d)(2).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.  ALTERNATIVELY, DEBTOR REQUESTS THAT THE COURT CONTINUE
THIS HEARING ON ENNERDALE'S MOTION AS THE RELATIONSHIP
BETWEEN DEBTOR'S COUNSEL AND DEBTOR'S PRINCIPAL IS
IRREPARABLY BROKEN AND THE DEBTOR SHOULD BE AFFORDED
AN OPPORTUNITY TO FILE AN AMENDED PLAN OF
REORGANIZATION WITH ANY NEW PROPOSED COUNSEL**

Alternatively, Debtor, through its counsel, requests that the Court continue the
hearing on Ennerdale's relief from stay motion to a date and time after the continued
January 19, 2022 hearing on Debtor's counsel's Motion to Withdraw as Counsel for
the Debtor (the "Motion to Withdraw").  *See* the Declaration of Michel Jay Berger, ¶
3.

Prior to the hearing on Debtor's counsel's Motion to Withdraw, the Court
issued a tentative ruling, which granted the motion and waived appearances.  *See* the
Berger, ¶ 4 and Exhibit "1" attached thereto.  In light of the Court's ruling, on
December 1, 2021, Mr. Berger did not attend the hearing on his Motion to Withdraw,
however, Mr. Haddadin surprisingly did, which prompted this Court to continue the
hearing from December 1, 2021 to January 19, 2022.  *See* the Berger, ¶ 5.  Despite
Mr. Haddadin's intervention, since December 1, 2021, there has been zero
communication between Mr. Haddadin and Debtor's counsel. *See* the Berger Decl., ¶
6. Mr. Haddadin has not responded to e-mails, text messages, and voicemails.  *See*
the Berger Decl., ¶ 7 and the Declaration of Samuel Boyamian (the "Boyamian
Decl."), ¶ 3.  Mr. Haddadin's refusal to respond to counsel's messages, whether
deliberate or not, has hampered counsel's efforts to prosecute this case effectively as
well as to oppose Ennerdale's Motion.  *See* the Berger Decl., ¶ 6.  Mr. Haddadin's
input is most needed at this critical stage in the Debtor's bankruptcy proceedings.
Counsel respectfully requests that this hearing be continued so that the Debtor be
afforded an opportunity to hire new counsel, amend the Disclosure Statement and

Plan, and to provide a supplemental response to Ennerdale's Motion.  *See* the Berger Decl., ¶ 7.

## III. <u>CONCLUSION</u>

Based upon the foregoing, the Debtor respectfully requests that this Court grant the relief herein requested; that is to deny Movants' relief from stay and grant any such other and further relief as is just and proper under the circumstances.

Dated:  December 29, 20211          LAW OFFICES OF MICHAEL JAY BERGER

By: <u>/s/ Michael Jay Berger</u>
        MICHAEL JAY BERGER
        Counsel for Debtor and Debtor-in-
        Possession, L'Inc D'Aline Corporation

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare as follows:

1.      I am the attorney for L'Inc D'Aline Corporation (the "<u>Debtor</u>") in the herein bankruptcy case.

2.      I have personal knowledge of the facts set forth herein.  If called as a witness herein, I could and would testify competently and truthfully as set forth herein.

3.      I respectfully request that the Court continue the hearing on Secured Creditors Ennerdale Corporation Defined Benefit Plan & Trust's, for the benefit of Alan Reay, and Ennerdale Corporation 401K's, for the benefit of Alan Reay (collectively, hereinafter, known as "<u>Ennerdale</u>" or "<u>Movants</u>") Motion for Relief from the Automatic Stay ("<u>Motion</u>") to a date and time after the continued January 19, 2022 hearing on my Motion to Withdraw as Counsel for the Debtor ("<u>Motion to Withdraw</u>").

4.      Prior to the hearing on my Motion to Withdraw, the Court issued a tentative ruling, which granted the motion and waived appearances.  Attached hereto as **<u>Exhibit "1"</u>** attached is a true and correct copy of the Court's tentative ruling.

5.      In light of the Court's ruling, on December 1, 2021, I did not attend the hearing on my Motion to Withdraw, however, Mr. Haddadin surprisingly did, which prompted this Court to continue the hearing from December 1, 2021 to January 19, 2022.

6.      Despite Mr. Haddadin's intervention, since December 1, 2021, there has been zero communication between Mr. Haddadin and myself and my firm's staff.  Mr. Haddadin has not responded to numerous e-mails, text messages, and voicemails.  Mr. Haddadin's refusal to respond to my firm's messages, whether deliberate or not, has hampered my efforts to prosecute this case effectively as well as to oppose Ennerdale's Motion.

7.      Mr. Haddadin's input is most needed at this critical stage in the Debtor's

bankruptcy proceedings. I respectfully request that this hearing be continued so that the Debtor be afforded an opportunity to hire new counsel, amend its Disclosure Statement and Plan, and to provide a supplemental response to Ennerdale's Motion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on December 29, 2021 at Beverly Hills, California.

        /s/ Michael Jay Berger
        Michael Jay Berger

DEBTOR L'INC D'ALINE CORPORATION'S OPPOSITION TO SECURED CREDITORS ENNERDALE CORPORATION DEFINED BENEFIT PLAN & TRUST, FOR THE BENEFIT OF ALAN REAY, AND ENNERDALE CORPORATION 401K'S, FOR THE BENEFIT OF ALAN REAY, MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)

## DECLARATION OF SAMUEL BOYAMIAN

I, Samuel Boyamian, declare as follows:

1.  I am an associate attorney with The Law Offices of Michael Jay Berger, counsel for the Chapter 11 Debtor L'Inc D'Aline Corporation (the "Debtor") in the herein bankruptcy case.

2.  I have personal knowledge of the facts set forth herein.  If called as a witness herein, I could and would testify competently and truthfully as set forth herein.

3.  Since December 22, 2021, the filing date of Secured Creditors Ennerdale Corporation Defined Benefit Plan & Trust's, for the benefit of Alan Reay, and Ennerdale Corporation 401K's, for the benefit of Alan Reay (collectively, hereinafter, known as "Ennerdale" or "Movants") Motion for Relief from the Automatic Stay ("Motion"), on almost a daily basis I have been e-mailing and calling Debtor's principal Zaal John Haddadin to get his input in responding to Ennerdale's Motion.  To date, none of my messages or e-mails have been responded to.  I know other staff in our office have been trying to contact Mr. Haddadin as well to discuss other aspects of Debtor's case with him, but they too have had a similar result – no contact.

4.  I am not sure if Mr. Haddadin is ill or if his failure to respond is intentional.

5.  Without hearing from Mr. Haddadin, on December 28, 2021, I contacted Robert Goe, Esq., counsel for Ennerdale, to confirm if the Debtor had been making adequate protection payments to his client.  On December 29, 2021, Mr. Goe wrote back to me stating that the only payment missing was the December 2021 payment.  Attached hereto as **Exhibit "2"** is a true and correct copy of Mr. Goe's response.

6.  Additionally, on December 29, 2021, I telephoned Phil Geurts, Mr. Haddadin's

///

///

///

1  state court attorney, to see if he had spoken with Mr. Haddadin recently.  I was unable to

2  speak with Mr. Geurts, but I left a message on his voicemail requesting that he call me

3  back.

4

5        I declare under penalty of perjury that the foregoing is true and correct and that

6  this declaration is executed on December 29, 2021 at Beverly Hills, California.

7

8                                        Samuel Boyamian

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEBTOR L'INC D'ALINE CORPORATION'S OPPOSITION TO SECURED CREDITORS ENNERDALE CORPORATION DEFINED
BENEFIT PLAN & TRUST, FOR THE BENEFIT OF ALAN REAY, AND ENNERDALE CORPORATION 401K'S, FOR THE BENEFIT OF
ALAN REAY, MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)

# EXHIBIT 1

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Wednesday, December 1, 2021**                                 **Hearing Room**        **5C**

---

<u>1:30 PM</u>
**8:21-11906    L'Inc D'Aline Corporation**                                      **Chapter 11**

   **#33.00**

            Hearing RE:  Motion To Withdraw As Debtor L'Inc D'Aline Corporation's
            Bankruptcy Counsel
            (Motion filed 11/2/2021)

                              Docket        99

   **Tentative Ruling:**

         Tentative for 12/1/21 is to GRANT.

         Additionally, the Court shall issue an order requiring  the corporate Debtor to
         appear at a hearing on February 9, 2022, at 1:30 p.m., and show cause why
         the case should not be dismissed or converted for lack of counsel ("OSC").
         Any responses to the OSC should be filed by not later than January 19, 2022.

         Note: This matter appears to be uncontested. Accordingly, no court
         appearance by Movant is required. Should an opposing party file a late
         opposition or appear at the hearing, the Court will determine whether further
         hearing is required and Movant will be so notified.

         The courtroom will be locked; parties wishing to make an appearance must
         do so by Zoom for Government, a free service that provides audioconference
         capabilities, using the following information.

         Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

         Meeting ID:              160 935 7814

         Password:                887696

         Parties making telephonic appearances are reminded to have all relevant
         filings/information easily accessible during the hearing.

         Movant to lodge an order within seven (7) days.

---
**Party Information**
---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

**Wednesday, December 1, 2021**                                    **Hearing Room        5C**

1:30 PM
**CONT...         L'Inc D'Aline Corporation**                                    **Chapter 11**

   **Debtor(s):**

      L'Inc D'Aline Corporation              Represented By
                                              Michael Jay Berger

EXHIBIT 2

## Samuel Boyamian

| | |
|---|---|
| **From:** | Rob Goe <rgoe@goeforlaw.com> |
| **Sent:** | Wednesday, December 29, 2021 10:27 AM |
| **To:** | Samuel Boyamian |
| **Cc:** | Michael Berger; Sofya Davtyan; Susan Stein; Sophia Wang |
| **Subject:** | Re: Chapter 11 Matter of L'Inc D'Aline Corp. |

No December payment

Sent from my iPhone

On Dec 28, 2021, at 4:34 PM, Samuel Boyamian <Samuel.Boyamian@bankruptcypower.com> wrote:

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Rob:

We are having a difficult time getting a hold of our client.  Can you please confirm with your client and let me know if your client has received Debtor's adequate protection payments for the months of October, November, and December 2021?   Thank you.

**Samuel M. Boyamian, Esq.**
*Associate Attorney*
**LAW OFFICES OF MICHAEL JAY BERGER**
T: 310.271.6223   |   F: 310.271.9805   |   W: www.bankruptcypower.com   |
Address: 9454 Wilshire Boulevard, 6th Floor, Beverly Hills, California 90212

*CONFIDENTIALITY NOTICE: The following message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this communication or by telephone at (310) 271-6223, and permanently destroy all copies of this email.*

***PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION***
*This entire e-mail and its attachments are covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and is legally privileged. Do NOT Forward This Message.*

*This message originates from the law firm of Goe Forsythe & Hodges LLP. The information contained herein is intended for the personal and confidential use of the recipient(s) named above. This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this communication or its attachments is strictly prohibited by law and is subject to criminal and civil penalties. All personal messages express solely the sender's views and not those of Goe Forsythe & Hodges LLP.*
*ANY TAX ADVICE CONTAINED IN THE BODY OF THIS E-MAIL WAS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY THE RECIPIENT FOR THE PURPOSE OF AVOIDING PENALTIES THAT MAY BE IMPOSED UNDER THE INTERNAL REVENUE CODE OR APPLICABLE STATE OR LOCAL TAX LAW PROVISIONS.*
Please take into consideration the environment before printing this email...save a Tree.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled  **DEBTOR L'INC D'ALINE CORPORATION'S OPPOSITION TO SECURED CREDITORS ENNERDALE CORPORATION DEFINED BENEFIT PLAN & TRUST, FOR THE BENEFIT OF ALAN REAY, AND ENNERDALE CORPORATION 401K'S, FOR THE BENEFIT OF ALAN REAY, MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MICHAEL JAY BERGER AND SAMUEL BOYAMIAN IN SUPPORT THEREOF** in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/29/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor: Michael Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Counsel for Debtor: Michael Jay Berger   michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Counsel for Ennerdal Corp. Robert P Goe   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
U.S. Trustee: Michael J Hauser    michael.hauser@usdoj.gov
Counsel for DSXW: Eric S Pezold    epezold@swlaw.com, knestuk@swlaw.com; Andrew Still    astill@swlaw.com, kcollins@swlaw.com
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
Interested Party: Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
Counsel for SEI Fuel: Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
Counsel for Tesoro: Nicole M McLaughlin    nicole.mclaughlin@millernash.com, sheila.gonzalez@millernash.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 12/29/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

L'Inc D'Alinne
Attn: John Haddadin
7470 Cerritos Ave.
Stanton, CA 9680

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 12/29/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Scott Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/29/2021 | Peter Garza | /s/ Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**